Dear Mr. Malone:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 1) Whether Article 10, Section 9 of the Louisiana Constitution of 1974 applies to classified employees of Caddo Parish,
 2) Whether Section 44 of the Caddo Parish Home Rule Charter conflicts with Article 10, Section 9 of the Louisiana Constitution, and
 3) Whether the Hatch Act, 5 U.S.C. §§ 1501-1503, and Article 10, Section 9 of the Louisiana Constitution are in conflict?
With regard to the applicability of Article 10, Section 9
of the Louisiana Constitution, to Caddo Parish classified and unclassified employees the opinion of this office is that the provision applies. A review of Article 10, Section 14 of the Louisiana Constitution reveals that if the electors of a parish vote to adopt the provisions of the constitution governing state and city civil service systems, it then applies to that parish as if the provisions had done so originally. It is our understanding that this was accomplished by the adoption of the Caddo Parish Home Rule Charter which enacted a Caddo Parish Civil Service. Therefore, Caddo Parish has "opted-in" to the Louisiana Constitution's Civil Service System.
You also ask if Section 44 of the Caddo Parish Home Rule Charter conflicts with Article 10, Section 9, of the Louisiana Constitution. These provisions are produced below:
Section 44. Political Activities Prohibited
 No person holding a position in the classified service shall make any contribution to the campaign funds of any political party or any candidate for public office, except to the extent such person exercises his rights as a citizen to express an opinion and to cast a vote.
 Section 9. Prohibitions Against Political Activities
 Sec. 9. (A) Party Membership; Elections. No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for any political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
 (B) Contributions. No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee.
 (C) Political Activity Defined. As used in this Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.
A reading of both provisions reveals that while Section 44 restricts some political activities. Section 9 is more restrictive. For example, Section 9 prohibits membership in a national, state, or local committee of a political party or faction, while Section 44 does not specifically prohibit these activities. In contrast, Section 9 allows an exception for a civil servant to support issues involving bonded indebtedness, tax referenda, or constitutional amendments, while Section 44 does not include this exception.
According to Article 6, Section 5 (E) of the Louisiana Constitution of 1974,
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution. (Emphasis added).
It appears that Section 44 is not in conflict with the Louisiana Constitution as long as rights given and restricted in Section 9 are recognized by Caddo Parish in its personnel policies. Therefore, the application of Section 44 cannot be in a manner that is inconsistent with the Louisiana Constitution.
You also asked if Article 10, Section 9 of the Louisiana Constitution conflicts with the Hatch Act. Attached is Attorney General Opinion 75-1271 which addresses this issue. This opinion states that there is nothing in the Louisiana Constitution which conflicts with the Hatch Act, and goes on to state that while the state rules are stricter than the federal law, they do not conflict with it. State rules may stand as long as they do not violate any fundamental right. Voting has been held to be a fundamental right, but political activity, in general, has not. Therefore, there is no conflict between the state constitution and federal statutes.
This should address your concerns. However, if you have any additional questions, do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ FRANCES E. JONES ASSISTANT ATTORNEY GENERAL
RPI/FEJ/sc
Attachment
State of Louisiana
DEPARTMENT OF JUSTICE
OPINION NUMBER 75-1271
October 17, 1975
 9 — CIVIL SERVICE COMMISSION 109 — STATE EMPLOYEES DEPTS. La. Const. 1974, ART. X, SEC. 9
Mr. D. Pefferkorn State employees who come under Hatch Act Director of Personnel provisions may not engage in political Municipal Civil Service Commission activity as provided in La. Const. Art. City Hall X, Sec. 9. Local rule prohibiting such Opelousas, Louisiana 70570 activity does not violate Federal laws.